Pauline L. Beissel, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Wanamaker, Inc., Respondents.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Ronald M. Katzman, Goldberg, Evans & Katzman,* for petitioner.

*Joseph P. Hafer,* with him *R. Burke McLemore, Jr., Thomas & Thomas,* for respondent, John Wanamaker, Inc.

OPINION BY JUDGE BLATT, June 2, 1982:

The petitioner, Pauline L. Beissel, seeks review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the employer's[1] petition to terminate benefits.

The petitioner and her employer entered into a compensation agreement on February 3, 1977 by which

---

[1] John Wanamaker, Inc.

she was to receive benefits for total disability due to a lower back injury incurred in a fall at her workplace in May of 1975. The employer subsequently filed a petition to terminate benefits in January of 1979, and on June 22, 1979, a referee granted a supersedeas suspending payment of benefits based upon the deposition of the employer's medical witness who asserted that the petitioner's then existing disability was not work-related. After hearings were conducted, the referee granted the termination petition, finding that the work-related disability had ended as of June 22, 1979 and that the petitioner's current inability to work was not caused by her fall in May of 1975. The Board affirmed the referee's decision and this petition for review followed.

The petitioner argues that the employer did not meet its burden of establishing that a change in her disability had occurred after the compensation agreement had been entered into and that benefits, therefore, should not have been terminated. *See Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974). She contends that the employer's medical witness testified that her disability was caused by a nonwork-related incident which occurred in March of 1976,[2] prior to the February 3, 1977 date of the compensation agreement and that such testimony is not sufficient to establish either a termination of her work-related disability or a change in the degree of that disability after the date of the compensation agreement. She also maintains that the employer is attempting to use the vehicle of a termination petition to relitigate the issue of the employer's liability for the original disability which was settled by the terms of the compensation agreement. *Banks.*

---

[2] Coughing and laughing spell while playing cards.

In *McGee v. L. F. Grammes & Sons, Inc.,* 477 Pa. 143, 383 A.2d 864 (1978), our Supreme Court stated that an employer which seeks to terminate benefits provided for in a compensation agreement must "show either that the [work-related] disability has ceased or *that the continued disability is the result of an independent cause," Id.* at 146, 383 A.2d at 865 (emphasis added), and we agree with the Board that the employer here has met that burden. The medical witness testified by deposition that, based on his August 1978 examination of the petitioner, the history that he was given and his examination of her hospital records and other medical reports, the petitioner's herniated disc and the admitted disability resulting therefrom were not caused by her fall in May of 1975 and that her present disability was attributable to the nonemployment-related incident of March of 1976. This evidence does not establish a *change* in the petitioner's condition but it is sufficient to support the referee's finding that her present disability is not work-related and that it resulted from an independent cause as was required in *McGee.*

Moreover, we do not believe that the employer's initial admission of liability which was established in the compensation agreement is controlling in the instant situation. It is true that by entering into such an agreement an employer admits:

the happening of the accident; and the nature of the injuries resulting from the accident on the date stated while in that employment; and the total disability as a result of those injuries.

*Crucible Steel Company of America v. Skwarko,* 9 Pa. Commonwealth Ct. 269, 277, 306 A.2d 395, 399 (1973) (quoting *Fehr v. YMCA, Pottsville,* 201 Pa. Superior Ct. 107, 112, 192 A.2d 143, 146 (1963)). In its termination petition, however, the employer here is not claiming that it never had liability for the petitioner's

injury, but only that any disability which presently exists is not work-related. It was well within the referee's authority as the ultimate factfinder to accept the compensation agreement as establishing the employer's earlier obligation to pay benefits, and to disregard the testimony of the employer's medical witness to the effect that the original disability was not work-related, but also to accept that portion of the witness' testimony averring that the present disability was not incurred in the course of the petitioner's employment.[3] The referee clearly recognized the fact that the employer had admitted its initial liability because he found that the employer was responsible for benefits until June 22, 1979, almost 2 1/2 years after the date of the compensation agreement.

We must hold that there is substantial evidence to support the referee's conclusions that the petitioner suffered from a work-related injury at the time of the compensation agreement, that said injury resolved itself as of June 22, 1979 and that any residual disability was attributable to a nonemployment-related incident which occurred prior to the date of the agreement.

We will therefore affirm the order of the Board.

## Order

And Now this 2nd day of June, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge Mencer did not participate in the decision in this case.

---

[3] A referee in the fulfillment of his role as the ultimate factfinder may accept or reject all or merely portions of a witness' testimony. *Jasper v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 208, 427 A.2d 740 (1981).