**Leslie Blake GRIBBLE, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, State Correctional Institution at Greensburg, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 1998.

Decided April 27, 1998.

Reargument Denied June 15, 1998.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Daniel K. Perlman, Camp Hill, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

■ Leslie Gribble (Claimant) appeals from an order of the Commissioner of the Department of Corrections (Commissioner), terminating his benefits under the Heart and Lung Act (Act).[1] This appeal presents the issue of whether the Department of Corrections (Department) can waive compensability under the Heart and Lung Act by administratively determining that an injury **is compensable** after an investigation into that injury when, in fact, even the parties agree that the subject injury is not compensable. We hold that coverage under the Act is an issue which may be waived, *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), and thus reverse the adjudication to the contrary reached by the Commissioner.

The relevant facts underlying the appeal are not in dispute. Claimant was employed at the State Correctional Institution at Greensburg (SCI–Greensburg) as a Corrections Officer. On February 15, 1994, fifteen minutes prior to beginning his shift, Claimant injured his back and right thumb when he slipped and fell on some ice and mud in the staff parking lot of the facility. Claimant reported the injury to his supervisor and filled out injury report forms following the injury; he has not worked since the accident.

Following an administrative investigation of Claimant's accident by officials at SCI–Greensburg, Claimant was awarded Heart and Lung benefits. On October 17, 1996, the Department notified Claimant that a hearing would be held on December 10, 1996, to determine if Claimant's injury was permanent in nature, a finding which, of course, would terminate Claimant's eligibility for benefits under the Act since such benefits are available for only temporary injuries.[2]

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

2. Section 1 of the Act provides in pertinent part as follows:

At the December 10, 1996 hearing, the parties first orally stipulated that Claimant was not injured while performing his duties. The Department presented no evidence regarding the alleged permanent nature of Claimant's injury, but, instead, took the position that Claimant's benefits should be terminated solely because he was not injured while performing his duties. In response, Claimant asserted that the Department had waived its right to argue that issue because it had administratively determined that Claimant **was eligible** for benefits under the Act and had begun paying such benefits.

On March 11, 1997, the Hearing Examiner issued his proposed report and findings in which he concluded that the Department had waived its right to contest Claimant's original eligibility for Heart and Lung benefits by paying those benefits from the outset, thereby accepting liability for Claimant's injury. Specifically, the Hearing Examiner concluded that the Department had an opportunity to investigate the basis of Claimant's claim and, indeed, did so. After this investigation, the Department still chose to pay Claimant benefits under the Act. Therefore, the Hearing Examiner reasoned, the Department was now attempting to impermissibly relitigate the issue of causation and, at the same time, Claimant's initial eligibility for benefits. In addition, the Hearing Examiner noted that the hearing was originally convened under the guise of a hearing to determine whether Claimant's condition had become permanent, an issue that cannot be waived by the Department due to the potential for change in Claimant's physical condition, but that the Department's actual purpose was to attempt to raise the issue of Claimant's initial eligibility for benefits. Therefore, the Hearing Examiner proposed that Claimant's benefits continue.

On May 16, 1997, the Commissioner, although adopting the Hearing Examiner's findings of fact, issued a decision which rejected the Hearing Examiner's conclusion that the Department had waived its right to contest Claimant's original eligibility for benefits under the Act. Specifically, the Commissioner concluded that the Department was not attempting to relitigate the issue of causation, but was merely attempting to "correct the erroneous payment of benefits not authorized by the law." (Commissioner's adjudication at 4; Reproduced Record at 11a.) Therefore, the Commissioner concluded that the Department had not waived this issue and further determined that Claimant was not entitled to benefits under the Act. This appeal ensued.

On appeal,[3] Claimant argues that the Commissioner erred in concluding that the Department had not waived the issue of Claimant's original eligibility for benefits under the Act. We agree and hold that coverage under the Act is an issue which may be waived, and reverse the adjudication to the contrary reached by the Commissioner.

As a general matter, in *Wing,* our Supreme Court held that the doctrine of waiver applies to administrative proceedings. In so holding, the Court stated the following:

> It is difficult to imagine what could be more prejudicial to claimants than if, after nearly two years of litigation and appeals, they find themselves before the lower tribunal and again forced to litigate issues long since waived, and uncertain if yet other, novel theories will be thrust upon them in another two years.

*Wing,* 496 Pa. at 118, 436 A.2d at 181.

Additionally, in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.),* 502 Pa. 178, 465 A.2d 969 (1983), in the analogous setting of a workers' compensation

---

(a) Any ... correction[s] officer[ ] employed by the Department of Corrections, whose principal duty is the care, custody and control of inmates, ... who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania ... his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased....

53 P.S. § 637(a).

3. Our standard of review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Williams v. Department of Corrections,* 164 Pa.Cmwlth. 224, 642 A.2d 608 (1994).

claim, our Supreme Court noted that, once an employer has had the opportunity to investigate a claim and chooses to issue a notice of compensation payable, it cannot then dispute the causation of the claimant's injury. The Court stated that:

> [s]ince appellee had an opportunity to, and in fact did, investigate the cause of appellant's disability, the notice of compensation payable it filed constitutes an admission of its liability to appellant for compensation for a lower back injury. Appellee may not now, under the guise of a termination petition, come into court and use the favorable testimony of Dr. Murray to contradict precisely that which it admitted in its notice of compensation payable, namely, that appellant's disability at the time the notice of compensation payable was filed was related to her 1975 fall at work.

502 Pa. at 183, 465 A.2d at 971.

In *Wertz v. Department of Corrections*, 148 Pa.Cmwlth. 133, 609 A.2d 899 (1992), the claimant suffered post-traumatic stress disorder when a riot occurred at the State Correctional Institution at Camp Hill. Although the claimant was not present in the prison when the riots occurred, he was nonetheless awarded disability benefits by the Department under Act 632.[4] Subsequently, the Department sought to terminate his benefits because the Department determined that he was not eligible for the benefits since he was not present at the prison when the riots occurred. Although the Hearing Examiner concluded that Wertz was eligible for the benefits, the Commissioner concluded otherwise. On appeal, this Court, applying *Beissel*, concluded that the Department had an opportunity to investigate Wertz's original eligibility for benefits, but chose instead to grant him benefits without an investigation. Therefore, it could not now dispute the issue of his original eligibility for benefits on the basis that he was not injured while performing his duties.

▆ In the present case, the Department concedes that it conducted an investigation of Claimant's claim, following which it adminis-

tratively decided to award him benefits under the Act. By doing so, the Department admitted that Claimant was originally eligible for benefits under the Act and accepted liability accordingly. Whether or not the Department reached the correct legal conclusion following its investigation is irrelevant for purposes of the waiver issue presently before this Court. Therefore, regardless of Claimant's stipulation to the contrary, the Department waived the issue of Claimant's original eligibility for benefits under the Act when it began paying Claimant Heart and Lung benefits, thereby accepting liability for his injury, and cannot now dispute the issue of causation on the basis that it made a mistake previously.

In response, the Department, citing *Barna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel)*, 513 Pa. 518, 522 A.2d 22 (1987), argues that it is permitted to ameliorate mistakes it has made in awarding disability benefits on the basis that permitting such revision promotes the early payment of benefits by employers, and a failure to do so "will have a chilling effect upon awarding disability payments in the Commonwealth." (Department's Brief at 14.) However, we note the clear distinction between the present case and *Barna*. In *Barna*, the employer awarded workers' compensation benefits *prior to* any investigation of the claimant's claim. As a result, our Supreme Court permitted the employer to seek relief. However, in the present case, the Department awarded Claimant benefits *after* an investigation was conducted regarding his injury, and, per *Beissel*, the Department's acceptance of liability after that investigation precluded it from litigating the issue of Claimant's initial eligibility for benefits under the Act. Furthermore, the cases cited by the Department in support of its position are inapposite because they relate to circumstances in which a government entity has made a mistake in enforcing the law or administering its duty to the *public at large*, and do not relate to statutorily bestowed entitlements of government employees or specific *private* citizens. *See Otte v. Coving-*

4. Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. § 951. Act 632 benefits are virtually identical to those afforded by the Heart and Lung Act.

*ton Township Road Supervisors*, 539 Pa. 44, 650 A.2d 412 (1994) (Department of Environmental Resources mistakenly believed it was estopped from enforcing the provisions of the Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1–750.20(a)); *Commonwealth v. Barnes & Tucker Company,* 455 Pa. 392, 319 A.2d 871 (1974) (holding that the Commonwealth did not waive its right to enjoin the pollution of public waters by a mining company); *Commonwealth v. Western Maryland R.R. Co.,* 377 Pa. 312, 105 A.2d 336 (holding that errors or mistaken belief regarding applicable law did not estop the Commonwealth from collecting taxes legally due), *cert. denied,* 348 U.S. 857, 75 S.Ct. 82, 99 L.Ed. 675 (1954).

Finally, we believe that our holding that the Department has waived the issue of liability in the present case will not have a chilling effect on the award of disability payments; rather, employers, the Commonwealth and private citizens alike, will continue to make speedy, **yet careful**, assessments of disability claims.

Order reversed.

### ORDER

**AND NOW**, April 27, 1998, the order of the Commissioner of the Department of Corrections in the above-captioned matter is hereby reversed.