Connie MYERS, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (FAMILY HERITAGE RESTAURANT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1999.
Decided April 21, 1999.

Patrick M. Donan, Philadelphia, for petitioner.

Sandra R. Craig, Philadelphia, for respondent.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Connie Myers (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ), granting the termination petition of Family Heritage Restaurant (Employer). We affirm.

Employer employed Claimant as a waitress. On September 29, 1993, in the course and scope of her employment, Claimant sustained injuries to her arm, head and back when she tripped and fell at Employer's place of business. Claimant was taken to the hospital and missed ten days of work. Employer accepted liability for Claimant's injuries and issued a Notice of Compensation Payable describing her injuries as "contusion right arm, strain low back." Claimant then returned to work for Employer at a modified duty job on October 9, 1993. Claimant received varying amounts of partial disability payments as she was not receiving wages equal to or greater than her pre-injury wages.

Subsequently, on December 25, 1993, as Claimant was entering her home, she heard a pop in her left knee and she fell. Claimant was taken to the hospital and received treatment for a dislocated left knee. Claimant was unable to return to work. Soon thereafter, on January 6, 1994, Employer issued a Supplemental Agreement stating that Claimant was "again temporarily totally disabled." Employer later requested that its doctor, Dr. Barry Silver, examine Claimant. Dr. Silver conducted the examination of Claimant on February 3, 1994.

Following a report from Dr. Silver, Employer filed a petition to review medical treatment/terminate compensation benefits, alleging that Claimant had fully recovered from "any and all 9/29/93 work-related injuries" and that she was capable of returning to her previous job without limitation. Further, Employer alleged that any disability after February 3, 1994, was due to medical reasons or other causes not associated with Claimant's original work injuries. Claimant filed an answer denying the allegations of Employer's petition.

The case proceeded with hearings before the WCJ. In support of its petition, Employer presented the deposition testimony of Dr. Silver. Dr. Silver testified that his examination of Claimant revealed laterally subluxed patellae in both knees, a genetic abnormality of her knees, with no objective evidence of any other abnormalities. Dr. Silver opined that Claimant was fully recovered from her work injuries as of February 3, 1994, the date of his examination, and that Claimant's left knee problem was not causally related to her original work injuries.

In opposition to Employer's petition, Claimant testified on her own behalf and also presented the deposition testimony of her treating physician, Dr. Carl Hansen. Dr. Hansen agreed with Dr. Silver that Claimant has lateral subluxation of both patellae. However, Dr. Hansen opined that Claimant's fall at home was related to her original work injuries because the work injuries weakened the quadriceps in her left knee, making the knee more prone to a dislocation.

With respect to this testimony, the WCJ made the following, relevant findings of fact:

25. After careful review of the evidence, the Judge accepts as credible the testimony of both medical experts that Claimant had long standing advanced degenerative changes and laterally subluxed patellae in both knees.

26. The Judge credits the opinion of Dr. Silver over that of Dr. Hansen that there was no causal relationship between the work injury and Claimant's December 25, 1993 left knee dislocation. This opinion is supported by the fact that the Grand View Hospital emergency room physician on September 29, 1993 diagnosed no left knee problem and no x-rays were performed; Claimant returned to work on October 9, 1993 at her regular duties and was able to work up to six days per week for more than 2½ months until her left knee dislocated at home; and that between October 9, 1993 and December 25, 1993, Claimant received no treatment for her left knee.

27. The Judge also finds no medical evidence of record to support Dr. Hansen's opinion that Claimant's left knee quadriceps were weakened as a result of the work injury.

28. The Judge rejects the testimony of Claimant as not credible to the extent it is inconsistent with that of Dr. Silver.

31. The Judge finds that Claimant's left knee problem on and after December 25, 1993 was not causally related to the work injury.

32. The Judge finds that as of February 3, 1994, Claimant was fully recovered from the work injury and needed no further medical or chiropractic treatment.

(WCJ's Decision, Findings of Fact No. 25–28, 31–32). Based on these findings, the WCJ granted Employer's termination petition. Claimant appealed and the Board affirmed.

On appeal to this Court,[1] Claimant argues that the WCJ erred in granting Employer's termination petition. More specifically, Claimant argues that once Employer accepted liability for Claimant's December 25, 1993, injury pursuant to a Supplemental Agreement, the WCJ was precluded from granting a termination petition on the basis of evidence concluding that such injury was not causally related to Claimant's original work injuries. We disagree.

Before we reach the merits of this argument, we must address Employer's assertion that Claimant waived this argument by failing to raise it before the Board.

█ The law is well settled that issues not raised before the Board are waived and cannot be raised for the first time before this Court. See Columbo v. Workmen's Compensation Appeal Board (Hofmann Industries, Inc.), 162 Pa.Cmwlth. 307, 638 A.2d 477 (1994). The evidence of record indicates that Claimant raised this argument before the WCJ and the Board. The Board simply failed to address Claimant's argument. Thus, we cannot say that Claimant waived her argument before this Court.

█ We now turn our attention to the merits of Claimant's appeal. Claimant essentially argues that once Employer accepted liability for her injury by way of Supplemental Agreement, Employer was precluded from denying that Claimant's disability was work related. With such argument, Claimant is attempting to extend the principle of estoppel to supplemental agreements. We decline to do so.

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America )*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

Claimant relies on the Pennsylvania Supreme Court case of *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983) in support of her argument. In *Beissel*, the claimant and employer reached an agreement nearly two years after claimant allegedly sustained a work-related injury. Employer then issued a notice of compensation payable providing for the payment of benefits to claimant for her work-related injury. Approximately two years later, employer filed a petition to terminate benefits, alleging that claimant's disability was not work-related. The Court in *Beissel* held that:

> Since [employer] had an opportunity to, and in fact did, investigate the cause of [employee's] disability, the notice of compensation payable it filed constitutes an admission of its liability to [employee] for compensation for a lower back injury. [Employer] may not now, under the guise of a termination petition, come into court and...contradict that which it admitted in its notice of compensation payable....

*Id.* at 183, 465 A.2d at 971.

To the contrary, Employer alleges that the facts of the present case are more similar to *Barna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation)*, 513 Pa. 518, 522 A.2d 22 (1987), wherein our Supreme Court modified its holding in *Beissel*. In *Barna*, the employer and employee agreed to compensation prior to the employer's investigation regarding the cause of the employee's disability. Employer then issued a notice of compensation payable and claimant began receiving benefits. Approximately two months later, employer sought review of claimant's benefits, alleging that the cause of claimant's disability was not work-related. The Court in *Barna* held:

> In short, we cannot ignore the clear provision of [section 413[2]] that compensation may be terminated where it is paid under a notice of compensation which is materially incorrect. The Act imposes upon employers the duty to promptly commence payment of compensation and the cause of an employee's disability may not always be obvious. Where, as here, an employer promptly commences payment of compensation prior to commencement or completion of investigation into the cause of claimant's injuries and later determines that the claimant's disability was never work-related, in the absence of evidence of repeated contests of the cause of the disability such as occurred in Beissel, the employer must be permitted to seek relief.

*Id.* at 522–523, 522 A.2d at 24.

However, we believe that the facts of both *Beissel* and *Barna* are distinguishable from the instant case. In the instant case, Claimant sustained an injury to her left knee on December 25, 1993. Employer did not initially investigate the December 25, 1993, injury. Instead, Employer reinstated Claimant's total disability benefits pursuant to a Supplemental Agreement dated January 6, 1994. The present case did not involve an original notice of compensation payable issued by Employer, as was the situation in *Beissel* and *Barna*. Employer thereafter sought a medical review from its doctor, Dr. Silver, on February 3, 1994. Following that review, Employer properly sought relief in the form of a termination petition.[3]

---

**2.** Section 413 of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771. This section of the Act provides as follows:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

**3.** Furthermore, we note that the legislature attempted to address the issues raised in *Beissel* and *Barna* with amendments to the Act in 1993. Section 406.1 of the Act, which was originally *added by* Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 717.1, has continually provided that an employer "shall proceed promptly to commence the payment of compensation." *See* Section 406.1(a) of the Act, 77 P.S. § 717.1(a). However, the 1993 amendments included the addition of Section 406.1(d) to the Act, 77 P.S. § 717.1(d). Section 406.1(d)(1) of the Act, 77 P.S. § 717.1(d)(1), provides that "where an employer is uncertain whether a claim is compensable...or is uncertain as to the

To that end, Employer presented the deposition testimony of Dr. Silver. Dr. Silver opined that Claimant's December 25, 1993, injury was not causally related to her original work injuries, but rather, was related to a genetic abnormality in Claimant's knees. Additionally, Dr. Silver opined that Claimant had fully recovered from her original work injuries as of February 3, 1994. The WCJ accepted the testimony of Dr. Silver as credible and we will not disturb the WCJ's credibility findings on appeal. *See Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board and Krawczynski,* 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973).

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 21st day of April, 1999, the order of the Workers' Compensation Appeal Board is affirmed.

extent of its liability...the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable...."