Joseph R. Barna, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation), Respondents.

Submitted on briefs October 11, 1984, to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Richard G. Spagnolli,* with him, *John W. Mc-Tiernan, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Roy F. Walters, Jr.,* with him, *Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondent, Jones & Laughlin Steel Corporation.

OPINION BY JUDGE PALLADINO, March 4, 1985:
Joseph R. Barna, Sr. (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which terminated his workmen's compensation benefits. We reverse.

The essential facts, as found by the referee, are not disputed. Claimant was injured during the course of his employment with Jones & Laughlin Steel Corporation (Respondent) on July 18, 1977. In August of 1977, Claimant was admitted to a hospital and diagnosed as suffering from eleven different ailments, including lumbosacral strain with radiculitis and latent syphilis with probable neurosyphilis.

On October 10, 1977 Respondent executed a notice of compensation payable which provided that Claimant had sustained acute lumbosacral strain and was entitled to compensation for a total disability begin-

ning July 23, 1977. On October 2, 1978 the referee, upon stipulation of the parties, issued an order that Claimant be reimbursed for various medical expenses arising from the July 18, 1977 injury. On December 4, 1978 Respondent filed a petition for review with the referee alleging that there had been a change in the nature and character of Claimant's disability.[1]

The referee, after a hearing, found that because the notice of compensation payable had admitted that the disability was work-related, Respondent was precluded from asserting that the disability was not

---

[1] Claimant suffered a back injury on July 18, 1977 while he was operating a cherry picker. Claimant reported to Respondent's company physician on July 22, 1977 who believed Claimant had sustained a strain of the lower back and advised Claimant to report off from work. On July 26, 1977 Claimant was in severe pain and was advised by the company physician to obtain hospital treatment. Claimant was x-rayed at a local hospital on July 26 and was admitted to the hospital from August 1 through August 18, 1977. During this hospitalization, Claimant underwent various tests and treatments and upon discharge was diagnosed as having:

1. Lumbosacral strain with radiculitis
2. Latent lues with probable neurolues
3. Sinusitis with mild septal defect of nose
4. Mild pulmonary fibrosis
5. Hypertension
6. History of renal calculi
7. Deafness
8. Old anterior septal M.I. [Myocardial Infarction]
9. Positive skin test for TB
10. D.M. [Diabetes Melitis] adult onset mild
11. Coronary insufficiency

Latent lues (also known as syphilis) was contracted by Claimant during World War II. Claimant was seen again by Respondent's company physician on October 13, 1977. In January of 1978 Respondent's company physician concluded that Claimant's disability was "highly probable to be due to his non-occupational condition, neurosyphilis [sic]." It was on the basis of this conclusion that Respondent sought review and termination of the notice of compensation payable.

work-related from July of 1977 until the petition for review was filed on December 4, 1978. The referee concluded that Respondent was entitled to an order of termination as of December 4, 1978, however, because the Claimant's disability had never been work-related.

The Board affirmed the referee's decision on the ground that the findings of fact were supported by substantial evidence. Claimant now appeals to this Court. When, as here, the party with the burden of proof prevails below, review by this Court is limited to whether an error of law was committed and whether findings of fact were supported by substantial evidence, leaving to the factfinder questions of credibility and evidentiary weight. *J. I. Hass Co., Inc. v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 82, 437 A.2d 786 (1981).

Claimant's primary argument is that the order of the Board, affirming the referee's decision, committed an error of law based upon the holding of the Supreme Court of Pennsylvania in *Beissel v. Workmen's Compensation Appeal Board*, 502 Pa. 178, 465 A.2d 969 (1983). In *Beissel* our Supreme Court held that a notice of compensation payable filed by an employer, after the employer had an opportunity to and did investigate the cause of a claimant's disability, constituted an admission of the employer's liability and precluded the employer from later litigating such liability under the guise of a termination petition.[2]

---

[2] The facts presented in *Beissel* are as follows: On May 16, 1975 the Claimant fell at work. She was hospitalized for lower back pain in March, April and June of 1976. In July of 1976 she filed a petition for workmen's compensation benefits. The Claimant was examined by four doctors (three for the employer's insurance company and one of her own) all of whom concluded that the Claimant's disability was related to her fall of May 16, 1975 and on the basis of which the employer filed a notice of compensation

*Id.* The *Beissel* Court reasoned that Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772 (§772), provides that a referee may terminate a notice of compensation payable upon proof that the disability of an injured employee has changed after the date of the notice.[3] 502 Pa. at 181-182, 465 A.2d at 971. Thus, where an employer presents no evidence of a change in a claimant's condition but offers evidence that a claimant's disability *was never caused* by the work-related injury, the employer has not met its burden of proof. *Id.* at 182-184, 465 A.2d at 971. The Court stated: "[T]o hold otherwise would afford the employer an opportunity

---

payable. In January of 1979 the employer filed a petition for termination on the basis of the opinion of a fifth doctor who had seen the Claimant sometime in 1978 and who had concluded that the Claimant's disability was unrelated to the fall of May 16, 1975 but rather was caused by a coughing and laughing spell which had occurred in March of 1976. *See* 502 Pa. at 180-181, 465 A.2d at 970-971.

[3] The text of §772, in pertinent part, reads as follows:

§772. Modification, etc., of notice of compensation available, agreement or award on change in disability of injured person; exception as to eye injuries.

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement, or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employee has increased, decreased, recurred, or has temporarily or finally ceased or upon which it is shown that the status of any dependent has changed. . . .

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 772.

to litigate that which it has already admitted. This we will not do." *Id.* at 185, 465 A.2d at 972.

Respondent attempts to distinguish this case from *Beissel* by arguing that the termination is proper under the first paragraph of Section 413 of the Act, 77 P.S. §771 (§771), which states that a referee may review and modify or set aside a notice of compensation payable if it be proved that the notice was in any material respect incorrect.[4]

We find that this distinction is without merit and for us to allow it would be to circumvent the clear mandate of *Beissel*. The only significant difference in the case before us is that Respondent filed a petition for review where in *Beissel* the employer filed a petition for termination. *See* 502 Pa. at 181, 465 A.2d

---

[4] The text of §771 reads as follows:

§771 Review and modification or setting aside of notice of compensation payable or agreement incorrect in material respect.

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. 771. Section 771 has been interpreted to allow an employer to allege that a notice of compensation payable or compensation agreement was materially incorrect on the ground that the cause of a claimant's disability had been discovered not to be work-related after the notice or agreement was executed. *See, e.g., Bender v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 374, 436 A.2d 1063 (1981) ; *Fehr v. Y.M.C.A., Pottsville*, 201 Pa. Superior Ct. 107, 192 A.2d 143 (1963), *A. Barbieri, Workmen's Compensation*, §614(2) (1975). To the extent that the employer had an opportunity to investigate the claimant's disability prior to executing the notice of compensation payable or compensation agreement, this interpretation is limited by *Beissel* as discussed below.

at 970. While the filing of a petition for review would appear to place Respondent under the language of §771, the record clearly reveals that Respondent and the referee treated the petition as one for termination under §772. In the petition for review Respondent alleged a change in the nature and character of Claimant's disability, further, the referee entered a termination order.[5] Thus it is not clear whether Respondent intended to proceed under §771 or §772. While this Court has held that strictness of pleading is not required under the Act and that relief will be granted if it is appropriate under any section of the Act, *Royal Factories v. Garcia,* 17 Pa. Commonwealth Ct. 59, 330 A.2d 864 (1975), we hold that *Beissel* precludes the termination of Claimant's benefits pursuant to either §771 or §772 on the facts presented in the case before us.

Respondent alleged a change in Claimant's disability. It then presented evidence that Claimant's disability had not changed, but that the disability *had never been* related to Claimant's July 18, 1977 injury. Because Claimant's injury occurred in July and Claimant promptly reported the injury to Respondent and sought medical advice from Respondent's company physician prior to the October execution of the notice of compensation payable, we conclude that Respondent had an opportunity to investigate the cause of Claimant's disability.[6] The referee entered an or-

---

[5] The referee's order stated: "Notice of Compensation Payable, executed October 10, 1977 is terminated as of December 4, 1978."

[6] We note, in regard to Respondent's investigation of Claimant's disability, that the record contains an interdepartmental memorandum written by Respondent's company physician on January 24, 1978 which concludes that Claimant's disability was not related to an industrial injury. Respondent, however, did not take action upon this letter. Additionally, at the October 2, 1978 hear-

der of termination effective December 4, 1978 on the basis that the injury was never work-related.[7] We must, therefore, hold that this case is clearly controlled by *Beissel* and that Respondent cannot come into Court more than a year after the notice of compensation payable was executed to litigate that which it has already admitted. An employer may not refuse to avail itself of an opportunity to investigate a workmen's compensation claim, enter into a notice of compensation payable and then seek to litigate the cause of a claimant's disability at a later date.[8]

Accordingly, we reverse the order of the Workmen's Compensation Appeal Board and remand the case for proceedings consistent with this opinion.

ing with respect to payment of Claimant's medical bills, Respondent did not raise the issue of whether the cause of Claimant's disability was not work-related, nor did it appeal the referee's decision which was premised upon Claimant's continued eligibility for benefits.

[7] We note that the referee's decision to make the termination effective as of the date that the petition for review was filed is comparable to the situation in *Beissel* where the referee terminated benefits as of the date that a supersedeas in favor of the employer was granted. *See* 502 Pa. at 184, 465 A.2d at 972. The *Beissel* Court stated that the referee's decision to use that date underscored the employer's inability to meet its burden of proving that the work-related disability terminated after the date of the notice of compensation payable, and was wholly arbitrary and contrary to the requirements of the statute. *Id.*

[8] To allow an employer to do so would create the potential for endless litigation regarding the original cause of a claimant's disability while the claimant is denied benefits under the authority of a supersedeas. In this case Claimant was diagnosed as having eleven separate ailments. We cannot permit the employer to come into court repeatedly, each time asserting that another one of these ailments is now discovered to be the original cause of Claimant's disability. An employer must bear the responsibility of investigating a claimant's disability and presenting its case that the cause of the disability is not work-related while the purported injury is recent and may be examined and diagnosed by physicians for both parties.

## ORDER

AND NOW, March 4, 1985, the order of the Workmen's Compensation Appeal Board, No. A-83872, dated October 20, 1983 is reversed and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge WILLIAMS JR., did not participate in the decision in this case.