98 Pa. Commonwealth Ct. 249 (1986)
510 A.2d 1280
The Home Insurance Companies, Petitioner
v.
Workmen's Compensation Appeal Board (Bureau of Workers' Compensation and Denny's Inc./CBR Construction), Respondents.
No. 3692 C.D. 1984.
Commonwealth Court of Pennsylvania.
Argued April 7, 1986.
June 18, 1986.
Argued April 7, 1986.
*250 Argued April 7, 1986, before Judges MacPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
Susan B. Mustokoff, with her, Joseph S. Bekelja, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer, for petitioner.
Paul E. Baker, for respondents.
OPINION BY JUDGE MacPHAIL, June 18, 1986:
The Home Insurance Companies (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order denying Petitioner's Application for Supersedeas Fund Reimbursement. We affirm.
Petitioner filed a Notice of Compensation Payable (Notice) on September 12, 1979 which permitted John Smith, an employee of a Denny's restaurant, to receive disability payments for the amputation of his left small toe. On August 31, 1981, Petitioner filed a Petition to Review the Notice of Compensation Payable. Petitioner *251 claimed that the Notice of Compensation Payable should be stricken because Smith's injury was not work-related and that an immediate supersedeas should be entered. The referee denied the supersedeas on February 4, 1982. On November 30, 1982, the referee ordered that the Notice be set aside on the basis of a stipulation of facts entered into by the parties. On January 28, 1983, Petitioner filed an Application for Supersedeas Fund Reimbursement for the compensation paid between the date the Petition to Review was filed and the date the Notice of Compensation Payable was set aside. On March 20, 1984, the referee denied the application. The Board affirmed the referee's order on December 6, 1984. It is from this affirmance Petitioner takes the instant appeal.
If an employer or an insurance carrier wishes to set aside a Notice of Compensation Payable on the basis that the injury was not work-related, the only basis upon which it may do so is to prove that the Notice is "materially incorrect on the ground that the cause of a claimant's disability had been discovered not to be work-related after the notice or agreement was executed." Barna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corporation), 88 Pa. Commonwealth Ct. 83, 88 n.4, 488 A.2d 651, 654 n.4 (1985). See also Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1] This appears not to *252 have been the law, however, at the time that the referee set aside the Notice in this case. The referee set aside the petition on November 30, 1982, but the Barna decision was a logical extension of Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.), 502 Pa. 178, 465 A.2d 969 (1983), which was not decided until after the referee set aside the Notice. Before Beissel, it appears that a wider range of attacks on Notices of Compensation Payable were available to employers and insurance carriers.
In any event, the instant appeal can be decided by a careful analysis of the language of Section 443 of the Act.[2] The relevant portion of Section 443 reads as follows:
(a) If, in any case in which a supersedeas has been requested and denied under the provisions of Section 413 . . ., payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)
It is clear that Petitioner is not entitled to a supersedeas fund reimbursement because there was never any determination made, nor could there have properly been, that Petitioner paid any compensation which "was not, in fact, payable."
The normal situation in which a request for a reimbursement from the supersedeas fund would arise is where an employer or an insurance carrier has filed either a Petition to Terminate or a Petition to Modify on the basis that a claimant's condition has changed. See Section 413 of the Act, 77 P.S. §774. In such a case, the *253 validity of the Notice itself is not being called into question, only that it should be modified in order to accommodate a change in a material fact, i.e., the condition of the claimant. It follows that the Notice should be considered modified as of the date the employer or insurance carrier can prove a change in claimant's condition. Any payments made after that date would not be "payable" under the Act.
Where a Petition to Review a Notice is filed on the basis that the injury was not work-related, the employer or insurance carrier is asking that the Notice be set aside because it was improperly filed in the first place. The Notice here was filed voluntarily, however, and until it is properly set aside, it continues to exist in full force. Therefore, any compensation paid pursuant to the Notice is, indeed, "payable" until such time as the Notice is set aside. Nothing has changed since the Notice was filed in such a case; the condition of the claimant has remained constant. Until the Notice is set aside, compensation paid pursuant to it must be considered "payable" under Section 443.
We conclude that the plain language of Section 443 dictates the conclusion that Petitioner is not entitled to a supersedeas fund reimbursement. The Board's order must be affirmed.

ORDER
The order of the Workmen's Compensation Appeal Board filed December 6, 1984, Docket No. A-88035, is affirmed.

ORDER
NOW, September 29, 1986, having previously granted reconsideration, we hereby reaffirm our prior opinion and Order filed June 18, 1986.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §771. The text of this section reads as follows:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.
[2] Added by Section 3 of the Act of February 8, 1972, P.L. 25, as amended, 77 P.S. §999.