**DEPARTMENT OF CORRECTIONS, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (BUREAU OF WORKERS' COMPENSATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.

Decided Sept. 10, 1998.

Jennifer Casey Maier, Philadelphia, for petitioner.

Shelley M. Jones, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

---

MIRARCHI, Jr., Senior Judge.

The Department of Corrections (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a workers' compensation judge (WCJ) denying Employer's application for reimbursement from the Supersedeas Fund. We affirm.

Employer issued a notice of compensation payable to Ramon Cruz (Claimant) on May 14, 1992, for an alleged work-related injury occurring on April 21, 1992. On or about June 24, 1992, Employer filed a petition to review compensation benefits, alleging that Claimant's disability was not work-related. Employer also requested a supersedeas as of April 21, 1992.

A WCJ granted supersedeas by interlocutory order on December 24, 1992, effective as of December 18, 1992. On October 28, 1994, the WCJ issued an opinion and order granting Employer's petition for review and setting aside the notice of compensation payable, finding that Claimant had not suffered a work-related injury on April 21, 1992. Employer then filed a request for reimbursement from the Supersedeas Fund (Fund) for payment of benefits made from April 21, 1992 to December 18, 1992. Employer alleged that it was entitled to reimbursement of $15,255.92 in payments.

The Fund denied Employer's request, stating that all compensation paid by Employer remained "payable" until the notice of compensation was set aside. The WCJ (different from the WCJ who decided Employer's petition for review) concurred with the Fund's decision and dismissed Employer's reimbursement request from the Fund. The Board affirmed, and this petition for review followed.

■ This Court's scope of review from the Board's determination that an employer is not entitled to reimbursement from the Fund for overpayments made to a claimant is limited to determining whether constitutional rights were violated, errors of law were made, or findings of fact were not supported by substantial evidence. *St. Margaret Memorial Hospital v. Workmen's Compensation Appeal Board (Kusenko)*, 152 Pa. Cmwlth. 631, 620 A.2d 586 (1993). Employer argues that (1) it is entitled to reimbursement of all compensation paid because the WCJ determined that Claimant did not sustain a work-related injury and that the notice of compensation payable was thus null and void, and (2) in the alternative, it is entitled to reimbursement of all benefits paid after it filed its request for supersedeas on June 24, 1995.

This Court reviewed similar arguments in *Home Insurance Cos. v. Workmen's Compensation Appeal Board (Bureau of Workers' Compensation)*, 98 Pa.Cmwlth. 249, 510 A.2d 1280 (1986), *petition for allowance of appeal denied*, 515 Pa. 588, 527 A.2d 547 (1987). In *Home Insurance*, the employer's insurer successfully petitioned for the setting aside of a notice of compensation payable issued for one of its employees. As with this case, the insurer was able to show that the employee had not been injured on the job. The insurer requested reimbursement from the Fund, which request was denied. This Court affirmed pursuant to our interpretation of Section 443 of the Workers' Compensation Act (Act),[1] which section discusses the creation of the Fund and the manner by which an employer or insurer might recover therefrom. Section 443 provides in relevant part:

> (a) If, in any case in which a supersedeas has been requested and denied under the provisions of [the Act] ..., payments of compensation are made as a result thereof and upon final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999(a).

Our analysis in *Home Insurance* is worth quoting at length:

> It is clear that [the insurer] is not entitled to a supersedeas fund reimbursement be-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 999.

cause there was never any determination made, nor could there have properly been, that [the insurer] paid any compensation which 'was not, in fact, payable.'

The normal situation in which a request for reimbursement from the supersedeas fund would arise is where an employer or an insurance carrier has filed either a Petition to Terminate or a Petition to Modify on the basis that a claimant's condition has changed. ... In such a case, the validity of the Notice [of Compensation Payable] itself is not being called into question, only that it should be modified in order to accommodate a change in a material fact, *i.e.*, the condition of the claimant. It follows that the Notice should be considered modified as of the date the employer or insurance carrier can prove a change in claimant's condition. Any payments made after that date would not be 'payable' under the Act.

Where a Petition to Review a Notice is filed on the basis that the injury was not work-related, the employer or insurance carrier is asking that the Notice be set aside because it was improperly filed in the first place. The Notice here was filed voluntarily, however, and until it is properly set aside, it continues to exist in full force. Therefore, any compensation paid pursuant to the Notice is, indeed, 'payable' until such time as the Notice is set aside. Nothing has changed since the Notice was filed in such a case; the condition of the claimant has remained constant. Until the Notice is set aside, compensation paid pursuant to it must be considered 'payable' under Section 443.

We conclude that the plain language of Section 443 dictates the conclusion that Petitioner is not entitled to a supersedeas fund reimbursement. The Board's order must be affirmed.

*Id.*, 510 A.2d at 1281–82.

■ Our holding in *Home Insurance* disposes of both issues raised by Employer. Employer voluntarily issued a notice of compensation payable in this case, and thus, in accordance with *Home Insurance*, all payments made pursuant thereto were "payable" for purposes of a reimbursement request

pursuant to Section 443(a) of the Act. Section 443(a) permits reimbursement for compensation paid that is later determined to be "*not*, in fact, payable."

Indeed, Employer offers little in support of its arguments. In support of its first argument, Employer devotes a single paragraph in its brief devoid of reference to legal citation. Employer makes a stronger attempt at arguing that it should at least recoup compensation paid after it filed its request for a supersedeas. It argues that this Court has not always followed the letter of Section 443(a). Although Section 443(a) provides that reimbursement is available after a supersedeas request has been denied, we have determined that reimbursement is available under this section also where a supersedeas has been granted. *See Department of Labor & Industry v. Workmen's Compensation Appeal Board*, 34 Pa.Cmwlth. 265, 383 A.2d 261 (1978). Further, Employer attempts to distinguish *Home Insurance* from the present case by arguing that the payments made pursuant to the notice of compensation payable in *Home Insurance* were more "voluntary" than the payments made by Employer in this case after the request for supersedeas was filed. This argument is based upon the fact that the parties in *Home Insurance* stipulated that the notice of compensation payable should be set aside, while in this case Employer unilaterally sought to avert payments upon discovering that Claimant's injury was not work-related.

Despite these game attempts to craft an argument that Employer should not be burdened with shouldering the expense of compensation payments when it was ultimately determined that a work-injury had not occurred, our holding in *Home Insurance* continues to control. In that case, we decidedly stated that a notice of compensation payable remains in full force and effect until it is properly set aside, and all payments made thereunder are "payable" for purposes of a Section 443(a) analysis. Thus, Section 443(a) does not permit Employer a recovery from the Fund under the circumstances of this case.

The order of the Board is affirmed.

**638** 

*ORDER*

AND NOW, this 10th day of September, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.