**BUREAU OF WORKERS' COMPENSATION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KEMPER INSURANCE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 1999.

Decided July 22, 1999.

Catherine N. Wojciechowski, Harrisburg, for petitioner.

Christopher C. Kain, Harrisburg, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed an order of the Workers' Compensation Judge (WCJ) granting the application for supersedeas fund reimbursement filed by Kemper Insurance Company (Kemper). We affirm.

Pertinent to the issue in this case are the facts in the underlying workers' compensation case. On March 15, 1991, Myrtice Bigler (Claimant) allegedly suffered a compensable injury. McGraw–Hill (Employer) issued a notice of compensation payable (NCP) dated May 20, 1991. On January 30, 1992, Employer/Kemper filed a petition to review compensation requesting that the NCP be set aside on the basis that the injury was not work-related. Thereafter, on July 27, 1993, Employer/Kemper filed a petition for modification/suspension, requesting a supersedeas, alleging that as of June 17, 1992, Claimant failed to follow-up in good faith on medically approved job referrals.

In a decision circulated September 27, 1994, the WCJ determined that the Claimant did not follow-up in good faith on the job referrals and therefore granted a suspension of benefits effective June 3, 1992. The WCJ also determined that Claimant's injury was not work-related and therefore set aside the NCP, effective September 27, 1994.

Kemper, on March 2, 1995, filed an application for supersedeas fund reimbursement requesting reimbursement of compensation paid from the inception of the claim, March 15, 1991 to September 27, 1994. The WCJ granted the petition for the period July 27, 1993, the day the petition for modification was filed and the supersedeas requested, until September 27, 1994, the date of the decision granting the suspension. On appeal, the Board affirmed.

The issue in this case is whether an insurer is entitled to reimbursement from the supersedeas fund where the WCJ grants a modification petition and also sets aside an NCP.

Section 443(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 999(a) provides the following:

(a) If, any case in which a supersedeas has been requested and denied under the provisions of [the Act] ..., payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has

made such payments shall be reimbursed therefor.

The case of *Home Insurance Cos. v. Workmen's Compensation Appeal Board (Bureau of Workers' Compensation)*, 98 Pa.Cmwlth. 249, 510 A.2d 1280 (1986), *petition for allowance of appeal denied*, 515 Pa. 588, 527 A.2d 547 (1987) is instructive. In that case, the employer issued a NCP. Thereafter, the employer's insurer was successful in setting aside the NCP, as the claimant's injury was not work-related. Insurer then requested reimbursement from the supersedeas fund, which request was denied.

This court agreed that reimbursement was not warranted because the employer voluntarily entered into a NCP and "all payments made pursuant thereto [the NCP] were 'payable' for purposes of a reimbursement request pursuant to Section 443(a) of the Act. Section 443(a) permits reimbursement for compensation paid that is later determined to be '*not*, in fact, payable'." *Department of Corrections v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 717 A.2d 635, 637 (Pa.Cmwlth.1998) (emphasis in original).

Here, had the WCJ only granted Keystone's petition to set aside the NCP, in accordance with *Home Insurance* and *Department of Corrections* Keystone would not be entitled to reimbursement from the supersedeas fund. As stated in *Home Insurance*, 510 A.2d at 1282:

> Where a Petition to Review a Notice is filed on the basis that the injury was not work-related, the employer or insurance carrier is asking that the Notice be set aside because it was improperly filed in the first place. The Notice here was filed voluntarily, however, and until it is properly set aside, it continues to exist in full force. Therefore, any compensation paid pursuant to the Notice is, indeed, 'payable' until such time as the

Notice is set aside. Nothing has changed since the Notice was filed in such a case; the condition of the claimant has remained constant. Until the Notice is set aside, compensation paid pursuant to it must be considered 'payable' under Section 443.

However, in this case, the WCJ also granted the modification petition filed by Employer/Kemper on July 27, 1993 and suspended Claimant's benefits as of June 3, 1992, because she failed to follow through on jobs in good faith. *Home Insurance* has also addressed those cases where an employer has filed a modification petition on the basis that the claimant's condition has changed stating:

> In such a case, the validity of the Notice itself is not being called into question, only that it should be modified in order to accommodate a change in a material fact, i.e., the condition of the claimant. It follows that the Notice should be considered modified as of the date the employer or insurance carrier can prove a change in claimant's condition. Any payments made after that date would not be "payable" under the Act.

In this case, the condition of the Claimant did change since the issuance of the NCP, as was contemplated by *Home Insurance*. Employer/Kemper filed a modification petition and supersedeas request on July 27, 1993 alleging that Claimant acted in bad faith in following through on job referrals. In an order dated September 27, 1994, the WCJ determined that Claimant had in fact failed to follow through on job referrals in good faith and granted a suspension of benefits effective June 3, 1992.[1] Thus, "the Notice should be considered modified as of the date the employer or insurance carrier can prove a change in claimant's condition. Any payments made after that date would not be 'payable' under the Act." *Id.*

---

1. Although Bureau argues that the WCJ's decision of September 27, 1994 setting aside the NCP negated the need to address the suspen-

sion of benefits, we disagree. The suspension of benefits was ordered June 3, 1992, more than two years before the NCP was set aside.

Here, as the WCJ granted Kemper's modification petition, Kemper is entitled to reimbursement from the supersedeas fund from the time that the supersedeas request was filed in connection with the modification petition, July 27, 1993, until September 27, 1994, the date of the WCJ's decision.

Accordingly, the decision of the Board is affirmed.

## *ORDER*

NOW, July 22, 1999, the order of the Workers' Compensation Appeal Board at No. A96–2674, dated November 19, 1998, is affirmed.