**AMERICANA PORTRAITS INC. and IIT Hartford, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LEACH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 30, 2001.

Decided Jan. 14, 2002.

**450** ■ 

John T. Huskin, Jr., Harrisburg, for petitioner.

Martin C. Cunningham, Harrisburg, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Americana Portraits, Inc. (Americana) and ITT Hartford (Hartford) (Collectively, Petitioners) petition for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) to deny Petitioners' application for supersedeas fund reimbursement. We affirm.

On June 19, 1996, Lori Leach (Claimant) sustained a work-related injury and was receiving benefits pursuant to a Notice of Compensation Payable (NCP) dated July 9, 1996. On February 20, 1998, Petitioners filed a termination and suspension petition. Subsequently, the termination and suspension petitions were amended to include a petition to review the NCP. On April 1, 1998, supersedeas was denied.

On January 20, 1999, the WCJ granted Petitioners termination and suspension petitions as amended to include a petition for review and determined that the NCP was materially incorrect, ordering it amended to reflect the Claimant's correct average weekly wage. On March 24, 1999, Petitioners filed an application for supersedeas fund reimbursement, requesting reimbursement for alleged overpayments of indemnity benefits from February 20, 1998 through November 24, 1998 at $182.19 per week for a total of $7,235.55.

On January 4, 2000, the WCJ denied Petitioners' application for reimbursement from the supersedeas fund. The WCJ determined that the Petitioners did not receive a determination by the WCJ that compensation was not payable, thus Petitioners were not entitled to the reimbursement requested. Petitioner's appealed to the Board. On July 19, 2001, the Board affirmed the decision of the WCJ. Petitioners now petition our Court for review.[1]

Petitioners contend that the Board erred in affirming the WCJ when that decision denied as a matter of law Petitioners' application for supersedeas fund reimbursement where Petitioner requested supersedeas on February 20, 1998 in

---

1. Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

connection with a petition to terminate or suspend compensation, the request for supersedeas was denied on April 1, 1998, the request was made in a proceeding under Section 413 of the Act, indemnity payments continued at an incorrect rate because of the order denying supersedeas and the WCJ's order of January 20, 1999 determined that such compensation was not payable.

■ Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771, provides that a WCJ may, at any time, review and modify or set aside a NCP, if it is proven that the NCP was in any material respect incorrect. The Act also imposes upon employers the duty to promptly commence payment of benefits. An employer will be allowed to seek relief under Section 413(a), therefore, where payments are begun prior to the commencement or completion of the employer's investigation into the cause of the claimant's injuries. *Cedar Farms, Inc. v. Workmen's Compensation Appeal Board (Santiago)*, 665 A.2d 1326 (Pa.Cmwlth.1995). Section 443 of the Act provides in pertinent part as follows:

> If, in any case in which a supersedeas has been requested and denied...payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999(a). Pursuant to this section, supersedeas fund reimbursement will be granted if (1) supersedeas was requested and denied, (2) benefits were paid to the claimant as a result of the denial, and (3) the proceedings lead to a determination that such benefits were not in fact payable. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board*

*(Insurance Company of North America)*, 101 Pa.Cmwlth. 552, 516 A.2d 1318 (1986).

Where a petition to review a NCP is filed on the basis that the average weekly wage was incorrect, rather than to change the injury or other fact received from the employee or a third party:

> [T]he employer or insurance carrier is asking that the Notice be set aside because it was improperly filed in the first place. The Notice here was filed voluntarily, however, and until it is properly set aside, it continues to exist in full force. Therefore, any compensation paid pursuant to the Notice is, indeed, "payable" until such time as the Notice is set aside. Nothing has changed since the Notice was filed in such a case; the condition of the claimant has remained constant. Until the Notice is set aside, compensation paid pursuant to it must be considered "payable" under Section 443.

*The Home Insurance Companies v. Workmen's Compensation Appeal Board (Bureau of Workers' Compensation and Denny's Inc./ CBR Construction)*, 98 Pa. Cmwlth. 249, 510 A.2d 1280 (1986). See also, *Kimberly Clark Corporation & Sentry Claims Service v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 762 A.2d 424 (Pa.Cmwlth. 2000).

In the present controversy, the Petitioners sought to correct the NCP based upon an incorrect average weekly wage which they alone calculated. The Petitioners originally only filed for a termination or suspension but subsequently amended the petition to include a review of the NCP to correct the incorrectly calculated wage. On April 1, 1998, their application for supersedeas was denied. On January 20, 1999, the WCJ granted Petitioners termination and suspension petitions as amended to include a petition for review and

amended the NCP to reflect the correct average weekly wage and compensation rate. On March 24, 1999, the Petitioners filed their application for reimbursement from the supersedeas fund for a period prior to the date the WCJ amended the NCP. The application was properly denied on January 24, 2000.

■ Although reimbursement from the supersedeas fund is often granted after a supersedeas has been denied and it is later determined that compensation was paid which was not payable, 77 P.S. § 999(a), this court has determined in *The Home Insurance Companies, supra,* that there is no entitlement to such reimbursement until after the WCJ declares that a change has occurred which causes the original NCP to be set aside. In the first place, the NCP, in this case, was improperly prepared and voluntarily filed by Petitioners. Compensation paid pursuant to the NCP was "payable" pursuant to Section 443 of the Act. Nothing changed since the NCP was filed in this case. The compensation paid by Petitioners pursuant to the NCP is "payable" until the WCJ granted the termination and suspension petitions and set aside the NCP on January 20, 1999.[2] *The Home Insurance Companies, supra.*

Accordingly, we find that the Petitioner is not entitled to supersedeas fund reimbursement and affirm the decision of the Board.

### ORDER

AND NOW, this *14th* day of *January,* 2002, the order of the Workers' Compensa-

tion Appeal Board in the above captioned matter is affirmed.

---

**2.** Petitioners mistakenly rely upon *Kiebler v. Workmen's Compensation Appeal Board (Specialty Tire of America),* 738 A.2d 510 (Pa. Cmwlth.1999). *Kiebler* addresses the issue of whether an insurer may recover monies from a claimant that were improperly paid to that claimant or whether they should attempt to recover from the supersedeas fund. Our Court never addresses whether the insurer, upon consideration of the facts of this case, would have been successful in an attempt to recover from the supersedeas fund.