COMCAST CORPORATION, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (JONES), Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 2011.
Decided Dec. 12, 2011.

Amy J. Andrews, Wesford, for petitioner.

Jennifer M. Irvin, Pittsburgh, for respondent, Workers' Compensation Appeal Board.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and BROBSON, Judge, and BUTLER, Judge.

OPINION BY Judge BROBSON.

Presently before the Court is the appeal of Petitioner Comcast Corporation (Employer). Comcast challenges a decision by Workers' Compensation Judge Irving L. Bloom (WCJ Bloom), which the Workers' Compensation Appeal Board (Board) affirmed, that Employer was not entitled to reimbursement from the Workers' Compensation Supersedeas Fund (Fund). The party opposing the appeal is the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation (Commonwealth). For the reasons that follow, we reverse.

Neither the procedural history nor the facts in this case are in dispute. On June 23, 2005, Keith Jones (Claimant) allegedly sustained a low back strain while in the course and scope of his employment with Employer. On July 7, 2005, Employer, through its claims administrator, issued a notice of compensation payable (NCP), pursuant to which Claimant received total disability compensation at a rate of $383.05 per week. On February 26, 2007, Employer filed a Petition to Review/Set Aside the NCP (Review Petition) pursuant to Section 413 of the Workers' Compensation Act (Act),[1] after discovering that Claimant had made material misrepresentations of fact to Employer with respect to the alleged work injury, which caused Employer to issue the NCP in error. Employer also requested a supersedeas (*i.e.*, stay) of its payment obligations under the NCP, pending a ruling on the Review Petition. There was no favorable action on the supersedeas request—*i.e.*, it was denied.

On December 11, 2007, Employer filed a petition to terminate benefits (Termination

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 771 (providing authority to modify or set aside NCP if materially incorrect).

Petition), arguing that Claimant had fully recovered from his injuries as of November 21, 2007. Employer again sought a supersedeas based on the Termination Petition. Again, there was no favorable action on this request—*i.e.*, it too was denied.

On January 10, 2008, the parties entered into a Compromise and Release Agreement (Agreement). Under the Agreement, approved by Workers' Compensation Judge Linda F. Tobin (WCJ Tobin), the parties stipulated that from the date of injury to January 10, 2008, the amount of indemnity benefits paid or due and unpaid to Claimant was $50,562.60. The parties agreed to resolve all future payments through a single lump sum payment of $20,000.00. In WCJ Tobin's decision approving the Agreement, however, WCJ Tobin expressly noted that Employer's Review Petition and Termination Petition remained pending for disposition.[2]

On September 4, 2008, WCJ Tobin granted the Review Petition, finding that Claimant had concealed relevant medical information. Relying on the Pennsylvania Supreme Court's decision in *Phillips v. Workmen's Compensation Appeal Board (Edgar Construction Company)*, 519 Pa. 31, 545 A.2d 869 (1988), WCJ Tobin reasoned that Claimant's conduct in concealing relevant medical information "taints the compensation agreement and legitimately calls into question whether the Claimant's disability is work-related." (Reproduced Record (R.R.) at 25a.) Under *Phillips*, WCJ Tobin held that the only remedy in such a case was "to nullify" the

NCP. (*Id.*) In the alternative, WCJ Tobin held that if the NCP was correctly issued, Employer nonetheless satisfied its burden to show that Claimant had fully recovered from the work-related injury as of November 21, 2007. Based on her findings and conclusions relative to the Review Petition, however, WCJ Tobin's order granted only the Review Petition, without mentioning the Termination Petition. (*Id.* at 26a.)

On October 2, 2008, Employer filed an Application for Supersedeas Fund Reimbursement (Application) (R.R. at 27a–43a) pursuant to Section 443(a) of the Act,[3] which provides in relevant part:

> If, *in any case* in which a supersedeas has been requested and denied ..., *payments of compensation are made as a result thereof* and upon the final outcome of the proceedings, it is determined that *such compensation was not, in fact, payable*, the insurer who has made such payments shall be reimbursed therefor.

(Emphasis added.) Employer applied for Fund reimbursement for benefits paid between *February 26, 2007*, the date of Employer's Review Petition and related supersedeas request, and *September 4, 2008*, the date of WCJ Tobin's decision and order granting the Review Petition. Employer sought reimbursement of medical and indemnity payments in the amount of $35,366.22.[4] The Commonwealth, acting as the conservator of the Fund, filed an answer, denying Employer's factual basis for Fund reimbursement and averring that reimbursement was barred as a matter of

2. Prior to the Agreement, Claimant had filed a review petition, seeking a modification of the NCP. Pursuant to the Agreement, however, Claimant withdrew that review petition.

3. Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 999(a).

4. This number is set forth in finding of fact number 8 of WCJ Bloom's decision and order, disposing of the Application. (R.R. at 39a.) In addition, the parties, in their respective briefs, agree with WCJ Bloom that Employer sought reimbursement from the Fund in the amount of $35,366.22.

law because the NCP remained in full force until it was properly set aside.

On October 21, 2009, WCJ Bloom circulated his decision and order on the Application. WCJ Bloom held that Employer was entitled to Fund reimbursement for compensation paid between the date Employer filed its Termination Petition and accompanying supersedeas request (December 11, 2007) and WCJ Tobin's September 4, 2008 decision and order, granting the Review Petition. But WCJ Bloom held that Employer was *not* entitled to reimbursement from the Fund for compensation paid during the period of time between the filing of the Review Petition and accompanying supersedeas request (February 26, 2007) and December 11, 2007. WCJ Bloom reasoned:

> 3. [Employer] is not entitled to reimbursement from the ... Fund for benefits paid to Claimant for the time period of February 26, 2007 through December 10, 2007. This period of time is representative of benefits that were paid to Claimant through the incorrectly issued NCP. Such payments were made voluntarily by Petitioner. An NCP remains in full force until properly set aside, which did not occur until [WCJ] Tobin's Decision granting the Review Petition.
>
> 4. However, [Employer] also filed a Termination petition on December 11, 2007, in which it requested a Supersedeas that was deemed denied, and which was ultimately granted by [WCJ] Tobin. Therefore, [Employer] is entitled to reimbursement for benefits paid from the date of December 11, 2007

through September 4, 2008, in the amount of $15,549.23.

(R.R. at 50a–51a (citation omitted).)

Employer appealed WCJ Bloom's decision to the Board. The Board affirmed, noting that WCJ Bloom's decision was in accord with a 1986 three-judge panel decision of this Court in *Home Insurance Companies v. Workmen's Compensation Appeal Board (Bureau of Workers' Compensation and Denny's Inc./C.B.R. Construction)*, 98 Pa.Cmwlth. 249, 510 A.2d 1280 (1986), *appeal denied*, 515 Pa. 588, 527 A.2d 547 (1987) (*Home Insurance*), and two subsequent three-judge panel decisions that follow it.[5] The facts in *Home Insurance* are very similar to the facts in this case. In *Home Insurance*, the employer issued a NCP, but later sought to set it aside by filing a review petition, because the employer determined that the injury was not work-related. The employer simultaneously requested a supersedeas, pending resolution of its review petition. The referee (referees are now known as WCJs) denied the supersedeas request. Nine months later, however, the referee granted the review petition and entered an order, setting aside the NCP.

The employer applied for reimbursement from the Fund, which the referee denied. The Board affirmed the referee's decision, prompting the employer to appeal to this Court. This Court unanimously affirmed the Board. Focusing on the portion of Section 443(a) of the Act which provides that reimbursement is appropriate where, *inter alia*, "it is determined that ... compensation was not, in fact, payable," the panel in *Home Insurance* reasoned:

> It is clear that Petitioner is not entitled to a supersedeas fund reimbursement

---

5. *Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Kemper Ins. Co.),* 734 A.2d 938 (Pa.Cmwlth.1999); *Dep't of Corr. v. Workers' Comp. Appeal Bd. (Bureau of Workers' Comp.),* 717 A.2d 635 (Pa.Cmwlth.1998) (*Corrections*).

because there was never any determination made, nor could there have properly been, that Petitioner paid any compensation which "was not, in fact, payable."

The normal situation in which a request for a reimbursement from the supersedeas fund would arise is where an employer or an insurance carrier has filed either a Petition to Terminate or a Petition to Modify on the basis that a claimant's condition has changed. *See* Section 413 of the Act, 77 P.S. § 774. In such a case, the validity of the Notice itself is not being called into question, only that it should be modified in order to accommodate a change in a material fact, i.e., the condition of the claimant. It follows that the Notice should be considered modified as of the date the employer or insurance carrier can prove a change in claimant's condition. Any payments made after that date would not be "payable" under the Act.

Where a Petition to Review a Notice is filed on the basis that the injury was not work-related, the employer or insurance carrier is asking that the Notice be set aside because it was improperly filed in the first place. The Notice here was filed voluntarily, however, and until it is properly set aside, it continues to exist in full force. Therefore, any compensation paid pursuant to the Notice is, indeed, "payable" until such time as the Notice is set aside. Nothing has changed since the Notice was filed in such a case; the condition of the claimant has remained constant. Until the Notice is set aside, compensation paid pursuant to it must be considered "payable" under Section 443.

We conclude that the plain language of Section 443 dictates the conclusion that Petitioner is not entitled to a supersedeas fund reimbursement. The Board's order must be affirmed.

*Home Ins.,* 510 A.2d at 1281–82 (emphasis added). Here, Employer did not base its Review Petition on an allegation that Claimant's medical condition had changed. Instead, like the employer in *Home Insurance,* Employer argued that the NCP was issued in error—*i.e.,* it was materially incorrect—and thus should be set aside under Section 413 of the Act. Based on this similarity, the Board applied *Home Insurance* and affirmed WCJ Bloom's decision and order, denying in part Employer's request for Fund reimbursement.

On appeal,[6] Employer argues that we should reverse the Board. Employer contends that its Application satisfied all of the criteria for Fund reimbursement set forth in Section 443(a) of the Act. Employer relies on the Pennsylvania Supreme Court's decision in *Phillips,* which WCJ Tobin cited in support of her decision to grant Employer's Review Petition, for the proposition that compensation "was not, in fact, payable" from the date of the Review Petition forward, because the WCJ appropriately concluded that due to Claimant's concealment of material information about his medical history, Employer issued the NCP in error. As a result, under *Phillips,* the NCP was a nullity. Employer attempts to distinguish *Home Insurance* and its progeny, noting that there was nothing "voluntary" in this case about Employer's decision to issue the NCP; rather, Employer issued the NCP based on purposefully misleading information from Claimant.

**6.** This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Comp. Appeal Bd. (Penn Installation),* 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

For its part, the Commonwealth argues that *Home Insurance* and its progeny are directly on point, and, therefore, we should affirm the Board.

Whether an employer is entitled to reimbursement from the Fund must be answered first, and foremost, by reference to the governing statutory provision. The issue before the Court is, therefore, one of statutory construction. In affirming WCJ Bloom's decision denying the Application, the Board reasoned that reimbursement under Section 443(a) of the Act is *only* available where, due to a change in the claimant's circumstances, the employer succeeds in a petition to modify, suspend, or terminate benefits. But where, as here, the employer seeks to cease compensation payments due to an improperly issued NCP, reimbursement under Section 443(a) of the Act is not available. Although the Board's decision is supported by our decision in *Home Insurance* and its progeny,[7] we simply cannot find any support for the decision in the clear and unambiguous statutory language.[8]

Section 443(a) of the Act could not be clearer. *"[I]n any case"* where (a) supersedeas is requested but denied, (b) payments are made as a result of the denial, and (c) it is determined that "such payments"—meaning, the payments that would not have been made had the supersedeas been granted—were not in fact payable, there shall be reimbursement from the Fund. If we allow the Board's decision in this matter to stand, however, it would mean that even where all of these elements are present, reimbursement from the Fund is available only in *certain* cases—*i.e.*, where the employer is seeking to reduce or end the payment of benefits due to some change in the claimant's status. Limiting reimbursement from the Fund to these circumstances clearly runs afoul of the General Assembly's express intent that reimbursement be available "[i]n any case."

This Court's decision in *Home Insurance* and the decisions that followed rely on the truism that compensation is "payable" under an NCP until the NCP is set aside. But the same is true with respect to modifications, suspensions, and terminations—*i.e.*, compensation at the established level is due and "payable" until relief is granted. *See Robb, Leonard & Mulvihill v. Workers' Comp. Appeal Bd. (Hooper)*, 746 A.2d 1175, 1182 (Pa.Cmwlth. 2000). Yet our precedent would allow employers who succeed in modification, suspension, or termination petitions due to a change in the claimant's status to obtain reimbursement from the Fund as of the date the employer makes its supersedeas request, or *before* benefits are actually modified, suspended, or terminated (*i.e.*, while they are still "payable"). We can find no basis in our precedent for this inconsistency in treatment, and, while the Commonwealth relies on our precedent, it does not offer a substantive defense of the precedent. Such disparate treatment is simply not grounded in the statutory language.

Although "Pennsylvania follows the doctrine of *stare decisis,*" the Pennsylvania Supreme Court has also cautioned jurist not to adhere blindly to precedent where doing so would perpetuate error. *See Buckwalter v. Borough of Phoenixville,*

---

7. In this regard, the Board appropriately followed binding precedent from this Court.

8. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."

1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* § 1921(b).

603 Pa. 534, 538, 985 A.2d 728, 730–31 (2009) (overruling 128 years of precedent). In analyzing this case, we have reviewed our precedent and the language chosen by the General Assembly in Section 443(a) of the Act. Based on the clear and unambiguous statutory language, we are compelled to conclude that blind adherence in this case to our precedent would only serve to perpetuate error. We, therefore, overrule *Home Insurance* and its progeny to the extent they are inconsistent with the clear and unambiguous statutory language in Section 443(a) of the Act and this opinion.

We have stated that "[t]he purpose of the ... Fund is to provide a means to protect an employer who makes compensation payments to an employee who is ultimately determined not to have been entitled to those payments." *Dep't of Labor & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Old Republic Ins. Co.)*, 2 A.3d 790, 792 (Pa.Cmwlth. 2010). In this case, because of what the WCJ found were material misrepresentations by Claimant at the time Employer issued the NCP, Employer made nearly four (4) years of compensation payments to someone who was not entitled to those payments. Employer requested supersedeas on February 26, 2007 on this basis, but was denied. As a result, Employer was required by law to pay compensation that was later determined not to be payable to Claimant. Under the clear and unambiguous language in Section 443(a) of the Act, Employer is entitled to reimbursement from the Fund for the period from February 26, 2007, the date of its Review Petition and request for supersedeas, until September 4, 2008, the date of the WCJ decision granting the Review Petition and setting aside the NCP.[9]

Accordingly, we reverse the Board's decision.

### ORDER

AND NOW, this 12th day of December, 2011, the order of the Workers' Compensation Appeal Board, dated September 20, 2010, is hereby REVERSED.

---

9. The Fund's sole purpose is to reimburse employers and insurers. It is funded entirely by assessments on insurers and self-insurers under the Act. Section 443(b) of the Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 999(b). Thus, the grant of reimbursement from the Fund does not adversely affect a claimant under the Act. *See*

*Commonwealth, Bureau of Workers' Comp. v. Workmens' Comp. Appeal Bd.*, 96 Pa.Cmwlth. 566, 508 A.2d 388, 390 (1986) (noting that in creating fund, "[t]he Legislature recognized that recoupment from the claimant was impractical and would undermine the benevolent purposes of the Act"), *appeal denied*, 514 Pa. 632, 522 A.2d 560 (1987).