IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Brown,                              :
                Petitioner        :
                                             :
                                             :     No.  154 C.D. 2022
       v.                                :
                                             :     Submitted: July 15, 2022
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                Respondent        :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, President Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: July 26, 2023

Terry Brown (Claimant) seeks review of the January 26, 2022 order of the Workers' Compensation Appeal Board (WCAB), which affirmed the May 18, 2021 decision and order of the Workers' Compensation Judge (WCJ). The WCJ granted the City of Philadelphia's (Employer) Modification Petition and modified Claimant's benefits from temporary total disability (TTD) to partial disability status as of June 4, 2020. Upon review, we affirm the WCAB's order.

## I. **FACTS AND PROCEDURAL HISTORY**

On June 10, 2011, Claimant suffered an injury during the course and scope of her employment with Employer when she fell and hit her right arm on a step. Her injury was acknowledged as a status post subacromial decompression of the right arm, right rib area and cervical contusion and sprain/strain. For this injury, she received

weekly TTD benefits in the amount of $815.33 per week.  (Reproduced Record (R.R.) at 13a.)

On June 4, 2020, Christopher Belletieri, D.O. conducted an Impairment Rating Evaluation (IRE) pursuant to Act 111 of 2018 (Act 111), which added Section 306(a.3) to the Pennsylvania Workers' Compensation Act (Act).[1]  In his report Dr. Belletieri concluded that Claimant had a whole person impairment rating of 30%, based upon the American Medical Association Guides to the Evaluation of Permanent Impairment, Sixth Edition, Second Printing (AMA *Guides*).[2]  *Id*.

On July 22, 2020, Employer filed a Modification Petition in which it asked that Claimant's benefit status be modified from TTD to partial disability.  *Id*. at 5a-7a. After a hearing, WCJ Erin Young issued a decision on May 18, 2021, in which she granted Employer's Petition and modified benefits to partial as of June 4, 2020.  *Id*. at 11a-16a.  Claimant filed an appeal to the WCAB, and by opinion and order dated January 26, 2022, it affirmed the WCJ's decision.  *Id*. at. 25a-35a.  On February 24, 2022, Claimant timely filed a Petition for Review with this Court.  *Id*. at 125a-29a.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.  Section 306(a.3) was added to the Act by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

[2] Act 111 requires that a physician use the AMA *Guides* when performing an IRE and allows for modification to partial disability status if a claimant has a whole-person impairment of less than 35%.

2

## II. DISCUSSION[3]

## A. Constitutionality of Act 111

Claimant argues on appeal that the WCJ erred in granting Employer's Modification Petition because retroactive application of Act 111 is unconstitutional. Specifically, she asserts that her work injury pre-dates the retroactive effect and application of Act 111 and her IRE was conducted prior to the expiration of 104 weeks after its effective date, which infringes on her vested rights in violation of various provisions of the United States Constitution.[4]  The WCAB addressed this issue and concluded that Claimant's challenge to the constitutionality of Act 111 has been addressed and rejected by this Court in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020) (*en banc*), and *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC),* 252 A.3d 1169 (Pa. Cmwlth. 2021), *appeal denied*, 261 A.3d 378 (Pa. 2021).  The WCAB summarized the relevant cases and analyzed Claimant's issue, in relevant part, as follows:

> Section 306(a.3) of the Act, which was added by Act 111, provides that once a claimant receives 104 weeks of total disability benefits, the insurer or employer may require the claimant to submit to an IRE. 77 P.S. §511.3(1).  Section 306(a.3)(7) sets the limit on the number of weeks of total disability at 104 weeks, and partial

---

[3] This Court's review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or error of law were committed. *Borough of Heidelberg v. Workers' Compensation Appeal Board (Selva)*, 928 A.2d 1006, 1009 (Pa. 2006).  Whether the issue presented involves a question of law, our standard of review is *de novo* and our scope of review is plenary.  *Id.*

[4] Claimant argues violations of the Due Process Clause in the Fifth and Fourteenth Amendments, U.S. Const. Amends. V, XIV, and various provisions of the Pennsylvania Constitution including the *Ex Post Facto* Clause in article I, Section 17, Pa. Const. art. 1, § 17; the Due Process Clause in article I, section 1, Pa. Const. art. 1, § 1; and the Due Course/Remedies Clause in article I, section 11, Pa. Const. art. 1, § 11.

disability at 500 weeks for a claimant who does not have an impairment rating of at least 35 [%]. 77 P.S. §511.3(7). With respect to the implementation of Section 306(a.3), Section 3 of Act 111 states as follows:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the act, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of section 306(a.3) of the act.

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

As is the case with the WCJ's jurisdiction, the [WCAB] cannot declare a provision of the Act to be unconstitutional because an administrative agency has no jurisdiction to determine the constitutional validity of its own enabling legislation. *Ruzin v.* [*Department*] *of Labor &* [*Industry*] *Bureau of Workers' Compensation*, 675 A.2d 366, 370 (Pa. Cmwlth. 1996). The Statutory Construction Act requires the [WCAB] to presume that the provisions of the [Act of 1972] are constitutional. 1 Pa. C.S. §1922. Nevertheless, where Pennsylvania's appellate courts have addressed constitutional challenges to Act 111, it is proper for the [WCAB] to apply those holdings.

In [*Rose Corporation*], [the] Commonwealth Court held that an IRE which pre-dates the effective date of Act 111 cannot be used to modify a claimant's disability status under Act 111. However, the Court went on to discuss the use of an IRE done on or after the effective date of Act 111 and the credit found in Section 3, in the context of a claimant injured prior to Act 111. The Court stated:

4

[I]t appears the General Assembly intended that employers and insurers that relied upon former Section 306(a.2) to their detriment by not pursuing other methods of a modification should not bear the entire burden of the provision being declared unconstitutional. Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid.

*Id*. at 562. The Court explained the application of Act 111 as follows:

[U]nder Act 111, [an e]mployer would receive credit for the 104 weeks of total disability it previously paid [the c]laimant before [the e]mployer issued its notice on June 13, 2013[.] . . . Because [the c]laimant already received 104 weeks of total disability benefits, under Section 306(a.3)(1), [the e]mployer may seek a new IRE. Should [the e]mployer choose to obtain a new IRE that utilizes the Sixth Edition of the [AMA] Guides and yields an impairment rating of less than 35%, [the e]mployer could then change [the c]laimant's disability status back to partial by following the process set forth in Section 306(a.3).

*Id*. at 563.

In [*Pierson*], [the] Commonwealth Court cited [*Pennsylvania AFL-CIO*], and stated that the consensus is Act 111 is not unconstitutional on its face. *Pierson*, 252 A.3d at 1179. The Court also addressed a claimant's arguments that applying Act 111 in a retroactive manner to claimants injured prior to its effective date is unconstitutional because it "violate[s] vested rights secured by due process and the Remedies Clause of the Pennsylvania Constitution" and "interferes with Claimant's vested right to the calculation of his compensation that arose on the date of injury[.]" *Id.* at 1175, 1176. Citing *Rose Corporation*, 238 A.3d 551, the

5

*Pierson* Court rejected the claimant's arguments, holding that the legislature explicitly gave the 104-week and credit portions of Act 111 retroactive effect, and that Act 111 is constitutional as applied to claimants injured before its effective date, if the IRE is performed on or after Act 111's effective date, because no vested rights of claimants have been abrogated by Act 111. *Pierson*, 252 A.3d at 1180. Moreover, in *Hutchinson v. Annville Township ([Workers' Compensation Appeal Board])*, 260 A.3d 360 (Pa. Cmwlth. 2021), [the] Commonwealth Court cited to *Pierson* and again rejected a claimant's arguments that it is unconstitutional to apply Act 111 to claimants injured before its effective date or before 104 weeks have passed after Act 111's enactment.

Based on *Rose Corporation, Pierson*, and *Hutchinson*, we conclude that many of Claimant's challenges to the constitutionality of Act 111 have already been addressed and rejected by [the] Commonwealth Court. The legislature explicitly gave Act 111 retroactive effect with a credit to employers for total disability benefits previously paid, and Act 111 is not unconstitutional either on its face or as applied to claimants injured prior to its effective date, as long as the IRE does not pre-date Act 111. Here, Claimant's IRE was performed on June 4, 2020, which is well after Act 111's October 24, 2018, effective date. Act 111 applies to Claimant and does not abrogate any vested rights. Further, [Employer] receives a credit for any weeks of total disability benefits it paid to Claimant after her work injury and was not required to wait until 104 weeks after Act 111's effective date to obtain an IRE. To the extent Claimant raises any constitutional challenges to Act 111 that have not yet been addressed specifically by the appellate courts, we lack jurisdiction to decide those issues. *Ruzin*. In sum, we determine that the WCJ did not err in granting [Employer's] Modification Petition under Act 111. Nevertheless, we acknowledge that Claimant has properly preserved her stated issues concerning the constitutionality of Act 111 for any further appeal.

(R.R. at 29a-32a.)

The constitutionality of Act 111 was upheld by this Court in *Pennsylvania AFL-CIO*, finding that it was not an unconstitutional delegation of legislative authority.

6

Specifically, this Court held the amendment to the Act providing for IREs did not violate the state constitutional restriction on delegation of the General Assembly's legislative authority. The Court noted that when the "General Assembly **adopts an existing set of standards** as its own, there is **no delegation** and no violation of article II, section 1 of the Pennsylvania Constitution." *Id.* at 315 (emphasis in original). The Court stated, "the [*AMA* Guides] establish a standard methodology for grading impairments, which is used by the [workers' compensation] systems in the federal government, 44 states, and 2 commonwealths to measure a worker's medical impairment." *Id.* at 317 (citing *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 835 n.3 (Pa. 2017)). *Pennsylvania AFL-CIO* has consistently been cited to for this holding. *See Hutchinson*; *Pierson*.

As to Claimant's assertion that she has not received the requisite 104 weeks of TTD benefits since the enactment of Act 111 in 2018, and prior to the June 4, 2020 IRE, this issue has also been addressed by this Court in *Pierson*, where we held that

> it is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, whereas we noted in *Rose Corporation*, it stated in plain language it was doing so. Thus, "[the c]laimant does not prevail in his arguments relative to the constitutionality of Act 111, and we see no reason to disturb the [WCAB's] Order affirming the WCJ."

*Pierson*, 252 A.3d at 1178-80.

The WCAB thoroughly rejected Claimant's argument citing to our decisions *Pierson*, *Hutchinson*, and *Rose Corporation*, in which we held that Act 111 does not abrogate or substantially impair a claimant's vested rights to workers' compensation benefits because there is no right to ongoing TTD status. Hence, we agree with the WCAB that the precedent clearly establishes that Act 111 is not a

7

constitutional violation of the Legislature's delegation authority. Therefore, because these cases are dispositive and binding authorities on this issue, we conclude Claimant's argument lacks merit.

## B. Substantial Evidence

As to Claimant's argument that there was not substantial evidence to support the WCJ's decision, as noted by the WCAB, Claimant did not raise this argument to the WCAB, and therefore, it is waived. *See Myers v. Workers' Compensation Appeal Board (Family Heritage Restaurant)*, 728 A.2d 1021, 1023 (Pa. Cmwlth. 1999) ("The law is well settled that issues not raised before the [WCAB] are waived and cannot be raised for the first time before this Court."). Even if this Court was to address the merits of these claims, the only evidence presented before the WCJ was the opinion of Dr. Belletieri that Claimant was at maximum medical improvement and that Claimant's whole-person impairment rating was 30%. (R.R. at 33a.) As such, we would conclude that the WCAB did not err in affirming the decision of the WCJ.

## III.  CONCLUSION

Claimant does not challenge the qualifications of Dr. Belletieri or the finding that her impairment rating is below the 35% whole-person impairment threshold. Her argument with respect to the application of Act 111 is squarely foreclosed by this Court's decision in *Pierson*. Her argument regarding substantial evidence was not raised at the time of argument and, is, therefore, waived. Accordingly, we will affirm the WCAB's order.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Brown,
          Petitioner

          v.

City of Philadelphia (Workers'
Compensation Appeal Board),
          Respondent

:
:
:
:  No.  154 C.D. 2022
:
:
:
:
:
:

## ***ORDER***

AND NOW, this 26th day of July, 2023, the January 26, 2022 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge